ATTORNEY FOR APPELLANT ATTORNEYS FOR APPELLEE

Stephen Laudig Jeffrey A. Modisett

Appellate Public Defender Attorney General of Indiana

Indianapolis, Indiana

Carol A. Nemeth

Deputy Attorney General

Indianapolis, Indiana

In The

INDIANA SUPREME COURT

JESSE PALMER, ) 

Defendant-Appellant, ) 

)

v. ) 
49S00-9706-CR-00350

) STATE OF INDIANA, )

Plaintiff-Appellee. )

                          ________________________________________________

APPEAL FROM MARION SUPERIOR COURT

The Honorable Gary L. Miller, Judge

Cause No. 49G05-9307-CF-081026

       ________________________________________________

On Direct Appeal       

January 7, 1999

DICKSON, J.

When a law enforcement officer kills the accomplice of a person committing a kidnapping, does the kidnapper commit felony murder under the Indiana murder statute?  We hold that, under these circumstances, the kidnapper commits felony murder.

The defendant, Jesse Palmer, appeals his convictions for the June 24, 1993, felony murder
(footnote: 1) of Robert Williams (“Williams”), the kidnapping
(footnote: 2) and attempted murder
(footnote: 3) of Officer James Gehrich (“Gehrich”), and conspiracy to commit escape.
(footnote: 4)  
These crimes stemmed from an incident during which the defendant engaged in kidnapping to aid Williams in escaping from an arrest.  Williams was killed by a correctional officer in the course of this attempted escape.  
We hold the felony murder provision in our murder statute applies, and we affirm the defendant’s convictions.  

Williams, a parolee, had recently been released from jail after being apprehended on a new drug charge.  Expecting to be arrested, Williams asked the defendant to accompany him to see his parole officer.  At the parole office, correctional officers attempted to arrest and handcuff Williams pursuant to a warrant issued for parole violation.
(footnote: 5)  When Williams resisted and attempted to escape, the defendant pulled a gun, held it to Officer Gehrich’s head, and said, “I’m going to blow you away.  Do what I tell you.”  Record at 254.  After the defendant commanded the officers to “[l]et him go,” record at 353, Williams was released, and Williams then told the defendant to shoot Officer Gehrich.  Upon hearing the defendant’s gun cock, Gehrich reached up and grabbed for the gun barrel, attempting to push it away from his head.  Williams joined the defendant in trying to point it back at Gehrich’s head.  The defendant fired the gun, shooting Gehrich in the hand.  Gehrich told a fellow officer, “I’m already shot, you’ve got to shoot him . . . .  [W]e don’t have any choice.”  Record at 270.  This fellow officer then fatally shot Williams, and the defendant ran from the scene.

In this direct appeal, we address the application of the felony murder statute, the propriety of final instruction 15(I), and the denial of a motion for continuance.  

The felony murder count charged that the defendant, while committing or attempting to commit kidnapping (the knowing confinement of Gehrich with the intent to obtain release of Williams from lawful detention) held a handgun to Gehrich’s head while demanding the release of Williams.  One of the final instructions informed the jury that, “if the State proves beyond a reasonable doubt that Jesse Palmer knowingly was committing the felony of kidnapping, and his alleged co-defendant, Robert Williams, was killed as a direct and proximate result of Jesse Palmer’s participation in the alleged kidnapping, then you may find the defendant guilty of felony-murder.”  Record at 88.

The felony murder language of our murder statute provides:  “A person who . . . [k]ills another human being while committing or attempting to commit arson, burglary, child molesting, consumer product tampering, criminal deviate conduct, kidnapping, rape, robbery, or carjacking; . . . commits murder, a felony.”
(footnote: 6)  

The statutory language “kills another human being while committing” does not restrict the felony murder provision only to instances in which the felon is the killer, but may also apply equally when, in committing any of the designated felonies, the felon contributes to the death of any person.  Our Court of Appeals has correctly observed:    

[A] person who commits or attempts to commit one of the offenses designated in the felony-murder statute is criminally responsible for a homicide which results from the act of one who was not a participant in the original criminal activity.  Where the accused reasonably should have . . .  foreseen that the commission of or attempt to commit the contemplated felony would likely create a situation which would expose another to the danger of death at the hands of a nonparticipant in the felony, and where death in fact occurs as was foreseeable, the creation of such a dangerous situation is an intermediary, secondary, or medium in effecting or bringing about the death of the victim.  There, the situation is a mediate contribution to the victim’s killing.  

Sheckles v. State
, 684 N.E.2d 201, 205 (Ind. Ct. App. 1997) (transfer denied).  In deciding whether a person may be convicted of felony murder for an allegedly indirect or remote death, we have applied the felony murder statute when the designated felony was  “the mediate or immediate cause” of the death.  
Reaves v. State
, 586 N.E.2d 847, 854-55 (Ind. 1992) (bed-ridden robbery victim died of a pulmonary embolism three weeks after a robbery); 
Pittman v. State
, 528 N.E.2d 67, 70 (Ind. 1988) (burglary victim died from pulmonary embolism resulting from victim’s obesity and post-operative immobility following laparotomy to determine severity of stab wound incurred in burglary);  
Sims v. State
, 466 N.E.2d 24, 25-26 (Ind. 1984) (victim died of congestive heart failure following surgery for fractured mandible suffered in the beating sustained during burglary).  
See also
 
Thomas v. State
, 436 N.E.2d 1109, 1111-12 (Ind. 1982) (victim died of acute cardiac arrhythmia during robbery);  
Booker v. State
, 270 Ind. 498, 502, 386 N.E.2d 1198, 1201 (1979) (victim, age 74, died of arrhythmia following robbery in which he was knocked to the floor and “mauled”). 

In the present case, the defendant engaged in kidnapping, one of the felonies designated in the felony-murder statute.  He pointed a loaded and cocked handgun at the head of Officer Gehrich and thereafter fired it, injuring the officer.  Such conduct clearly raised the foreseeable possibility that the intended victim might resist or that law enforcement would respond, and thereby created a risk of death to persons present.  This felonious conduct was clearly “the mediate or immediate cause” of Williams’s death.    

The defendant also contends that the trial court erred in giving Jury Instruction 15(I), arguing that it resulted in his “being convicted of murder on insufficient evidence caused by the fatally flawed instruction.”  Brief of Appellant at 17.  His objection at trial was imprecise, but generally asserted that the instruction misstates the law (without identifying or explaining the basis of this claim), invades the province of the jury to determine intent, and confuses the jury.  Record at 438.  On appeal, he challenges this instruction on the basis that it allowed the jury to convict the defendant for Williams’s murder despite a lack of evidence that he intended to kill Williams. 

The State, however, did not charge the defendant with a knowing or intentional murder but with felony murder for a killing while committing kidnapping.  The State need not prove intent to kill in a felony murder charge, only the intent to commit the underlying felony.  
Vance v. State
, 620 N.E.2d 687, 690 (Ind. 1993).  Because the State was not required to prove that the defendant intended to kill Williams, this claim fails.

The defendant contends that the trial court erred in denying his pro se motion for continuance and in failing to hold a hearing on the motion.  At the commencement of trial, the defendant himself stated to the court that he did not want the trial to start because his attorney was not prepared to go to trial.
(footnote: 7)  Record at 143, 146.  The trial court, however, ordered the trial to proceed.  

Continuances for additional time to prepare for trial are generally disfavored, and courts should grant such motions only where good cause is shown and such a continuance is in the interest of justice.  
Williams v. State
, 681 N.E.2d 195, 202 (Ind. 1997).  A trial court’s ruling on a continuance that is not required by statute is reviewed only for an abuse of discretion.  
Carter v. State
, 686 N.E.2d 1254, 1261 (Ind. 1997).  An abuse of discretion occurs “only where the decision is clearly against the logic and effect of the facts and circumstances.”  
Joyner v. State
, 678 N.E.2d 386, 390 (Ind. 1997).

The trial court heard both the defendant’s and his trial counsel’s claims about the state of trial preparation.  Defense counsel advised the court that he had reviewed the statements of each of the State’s witnesses, deposed one of the victims, and taken a “sworn recorded statement” from another witness, Record at 150, and indicated that he was ready to try the case.  When ordered to proceed, counsel presented a defense based upon the inability of the State’s witnesses to identify the defendant.  The defendant’s request was heard, and we perceive no abuse of discretion in the denial of his motion.  
See, e.g.,
 
Little v. State
, 501 N.E.2d 447, 449 (Ind. 1986).

We affirm the judgment of the trial court.  

SELBY and BOEHM, JJ., concur.  SULLIVAN, J., concurs in part and dissents in part with separate opinion in which SHEPARD, C.J., concurs.  

Attorney for Appellant

Stephen Laudig

Appellate Public Defender

Indianapolis, Indiana

Attorneys for Appellee

Jeffrey A. Modisett

Attorney General of Indiana

Carol A. Nemeth

Deputy Attorney General

Indianapolis, Indiana

IN THE

INDIANA SUPREME COURT

JESSE PALMER,

Appellant (Defendant below),

v.

STATE OF INDIANA,

Appellee (Plaintiff below).

)

)

)

) Supreme Court No.

) 49S00-9706-CR-00350

)

)

)

)

APPEAL FROM THE MARION SUPERIOR COURT

The Honorable Gary L. Miller, Judge

Cause No. 49G05-9307-CF-081026

ON DIRECT APPEAL

SULLIVAN, J., concurring in part and dissenting in part.

The events that gave rise to this prosecution were horrendous and Palmer’s participation in them warrants sanction of the severest order.  I fully concur in the majority’s affirmance of his convictions for kidnaping, attempted murder and conspiracy to commit escape.  I respectfully suggest, however, that our murder
(footnote: 8) and accomplice liability
(footnote: 9) statutes do not permit a conviction for felony murder on these facts.

Four decades ago, Professor Morris wrote that “for centuries innocent persons and felons have been killed as the result of justified resistance to felonies of violence; in only a handful of such cases has it been even suggested that the surviving felons are guilty of murder.”
(footnote: 10)   Whether his analysis of legal history on this point was accurate, I do not know.  But certainly such liability has been both imposed and rejected in many cases since his article appeared.
(footnote: 11)   A review of these materials indicates to me that the only proper way of resolving whether an Indiana defendant may be guilty of felony murder where the defendant’s fellow perpetrator was the person killed is by reference to the language of our statute.
(footnote: 12) 

I do not believe that our statutes authorize the imposition of liability for murder where the defendant’s co-perpetrator is the victim.

Our felony murder statute provides:  “A person who . . .  kills another human being while committing or attempting to commit . . .  kidnaping . . .  commits murder, a felony.”  Ind.Code § 35-42-1-1.  Palmer here did not kill another human being; his co-perpetrator was killed by a law enforcement official.  Under the terms of the felony murder statute, Palmer is not guilty of felony murder.  

Our accomplice liability statute provides:  “A person who knowingly or intentionally aids . . .  another person to commit an offense commits that offense.”  Ind.Code § 35-41-2-4.  A person can be liable for felony murder for aiding another person in the commission thereof.  But because Palmer’s co-perpetrator did not commit felony murder, Palmer cannot be found to have aided in committing that offense.  Under the terms of the accomplice liability statute, Palmer is not guilty of felony murder.

I respectfully suggest that none of the several cases from this Court that the majority cites in support of its position are on point.  Each involves a situation in which the defendant himself inflicted physical injury on the victim who later died.  The question in each was whether an intervening cause absolved the defendant of liability.  Indeed, the proposition of law for which these cases stand is articulated in one of the cases as follows: “
An individual who inflicts injury upon another
 is deemed by law to be guilty of homicide if the injury contributed mediately or immediately to the death of that other person.”  
Sims v. State
, 466 N.E.2d 24, 25 (Ind. 1984) (emphasis supplied).  Here, in contrast, Palmer did not inflict the injury upon Williams that caused Williams’s death.

I would vacate Palmer’s conviction for murder.  However, he would remain convicted of kidnaping, attempted murder and conspiracy to commit escape.  I fully agree that consecutive sentences are justified here, making Palmer eligible for 108 years in prison (compared to the 118 year sentence imposed by the trial court).

SHEPARD, C.J., concurs.

FOOTNOTES
1:
Ind. Code
 § 35-42-1-1(2) (1993).

2:
Ind. Code
 § 35-42-3-2 (1993).

3:
Ind. Code
 § 35-41-5-1 (1993);
 Ind. Code
 § 35-42-1-1 (1993).

4:
Ind. Code
 § 35-41-5-2 (1993);
 Ind. Code
 § 35-44-3-5 (1993).

5:
Although the record lacks specificity and detail, it appears that Williams had recently been arrested for a new offense, selling or possessing cocaine, and was released on bond when he visited the parole office, and that this arrest had led to the issuance of a warrant for parole violation.  
See
 Record at 183-84, 249, 305, and 481. 

6:
Ind. Code
 § 35-42-1-1(2).

7:
The defendant also asked the court for a new attorney because he was unhappy with the quality of representation.  This request was denied, and the defendant does not challenge this ruling on appeal.

8:
Ind.Code § 35-42-1-1.

9:
Ind.Code § 35-41-2-4.

10:
Norval Morris, 
The Felon’s Responsibility for the Lethal Acts of Others
, 105 U. Pa. L. Rev. 50, 66 (1956).

11:
See
, 
e.g.
, Martin J. McMahon, Annotation, 
Application of Felony-Murder Doctrine Where Person Killed was Co-Felon
, 89 A.L.R.4th 683 § 11 (1991); Erwin S. Barber, Annotation, 
Criminal Liability Where Act of Killing is Done by One Resisting Felony or Other Unlawful Act Committed by Defendant
, 56 A.L.R.3d 239 § 13 (1974).

12:
See
 
State v. Martin
, 573 A.2d 1359, 1370-71 (N.J. 1990) (after court held in 
State v. Canola
, 374 A.2d 20 (1977), that one felon could not be held liable for the death of a co-felon caused by one resisting the commission of the felony, the legislature eliminated the statutory requirement that the death be caused by one of the felons and provided that the liability requirement was satisfied if the death was caused by “any person”); 
State v. Thai Do Hoang
, 755 P.2d 7, 10 (Kan. 1988) (“Review of case law of other jurisdictions [on this issue] is not particularly helpful herein by virtue of the wide variety of the statutory language employed in the definitions of felony murder.”); Norval Morris, 
supra
, (“[I]f the view be that justice and social utility are to be served by imposing on felons criminal liability for murder where the killing is the result of defensive and retaliatory force that they have precipitated, it is submitted that this is a step more appropriately to be taken by the legislature than by the judiciary.”).