Rodney Kinta JENKINS, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 02S00–9810–CR–538.

Supreme Court of Indiana.

April 3, 2000.

Mark A. Thoma, Deputy Public Defender, Fort Wayne, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

On Direct Appeal

DICKSON, Justice

The defendant-appellant, Rodney Kinta Jenkins, was convicted of felony murder for the killing of Timothy D. Thomas,[1] the robbery of Darrick C. Lawson,[2] and two counts of criminal confinement.[3] In this direct appeal, his arguments concern: the applicability of the felony murder statute;

1. IND.CODE § 35–42–1–1.

2. IND.CODE § 35–42–5–1.

3. IND.CODE § 35–42–3–3.

sufficiency of the evidence; and double jeopardy.

## The Applicability of the Felony Murder Statute

■ The defendant contends that his felony murder conviction should be vacated on grounds that the felony murder statute does not impose criminal liability for murder when the resulting death is that of a co-perpetrator. The defendant's felony murder conviction was based on the death of Timothy D. Thomas in the course of a robbery of Darrick C. Lawson committed by the defendant and Thomas, during which Lawson fatally shot Thomas. The defendant argues that he neither shot Thomas nor engaged in conduct that caused his death. This Court has recently rejected the same argument. *Palmer v. State*, 704 N.E.2d 124, 126–27 (Ind.1999).

The felony murder language of our murder statute provides: "A person who ... [k]ills another human being while committing or attempting to commit arson, burglary, child molesting, consumer product tampering, criminal deviate conduct, kidnapping, rape, robbery, or carjacking; ... commits murder, a felony." IND.CODE § 35–42–1–1. In *Palmer*, we held that the statutory language "kills another human being while committing" does not restrict the felony murder provision only to instances in which the felon is the killer, but may also apply equally when, in committing any of the designated felonies, the felon contributes to the death of any person. *Palmer*, 704 N.E.2d at 126. In *Palmer*, we echoed the observation of our Court of Appeals:

> [A] person who commits or attempts to commit one of the offenses designated in the felony-murder statute is criminally responsible for a homicide which results from the act of one who was not a participant in the original criminal activity. Where the accused reasonably should have ... foreseen that the commission of or attempt to commit the contemplated felony would likely create a situation which would expose another to the danger of death at the hands of a nonparticipant in the felony, and where death in fact occurs as was foreseeable, the creation of such a dangerous situation is an intermediary, secondary, or medium in effecting or bringing about the death of the victim. There, the situation is a mediate contribution to the victim's killing.

*Palmer*, 704 N.E.2d at 126 (quoting *Sheckles v. State*, 684 N.E.2d 201, 205 (Ind.Ct. App.1997)). In deciding whether a person may be convicted of felony murder for an allegedly indirect or remote death, we have applied the felony murder statute when the designated felony was "the mediate or immediate cause" of the death. *Reaves v. State*, 586 N.E.2d 847, 854–55 (Ind.1992) (bed-ridden robbery victim died of a pulmonary embolism three weeks after a robbery); *Pittman v. State*, 528 N.E.2d 67, 70 (Ind.1988) (burglary victim died from pulmonary embolism resulting from victim's obesity and post-operative immobility following laparotomy to determine severity of stab wound incurred in burglary); *Sims v. State*, 466 N.E.2d 24, 25–26 (Ind.1984) (victim died of congestive heart failure following surgery for fractured mandible suffered in the beating sustained during burglary). *See also Thomas v. State*, 436 N.E.2d 1109, 1111–12 (Ind. 1982) (victim died of acute cardiac arrhythmia during robbery); *Booker v. State*, 270 Ind. 498, 502, 386 N.E.2d 1198, 1201 (1979) (victim, age 74, died of arrhythmia following robbery in which he was knocked to the floor and "mauled"). In *Palmer*, we upheld the felony murder conviction based upon the fatal shooting of the defendant's co-perpetrator by a correctional officer during a kidnapping. Holding that the State need not prove intent to kill in a felony murder, only the intent to commit the underlying felony, we found that by engaging in kidnapping using a handgun, the defendant had created a risk of death to persons present. *Palmer*, 704 N.E.2d at 126–27.

The statutory language "kills another human being while committing" does not restrict the felony murder provision only to instances in which the felon is the killer but also applies when, in committing any of the designated felonies, the felon contributes to the death of any person. *See Id.* at 126. We reject the defendant's claim that the felony murder statute does not apply.

### Sufficiency of the Evidence

■ The defendant challenges his felony murder conviction on grounds of insufficient evidence, arguing that the State failed to prove beyond a reasonable doubt that the defendant was the mediate or immediate cause of the co-perpetrator's death and that the defendant was committing or attempting to commit robbery before, during, or after the co-perpetrator's death. The defendant also contends that his convictions should be reversed because the jury was not presented with any substantial evidence that he knowingly or intentionally used a firearm during the commission of the robbery and confinements, an element that had to be proven for the defendant to be convicted of these offenses as class B felonies.

■ In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Webster v. State*, 699 N.E.2d 266, 268 (Ind. 1998); *Hodge v. State*, 688 N.E.2d 1246, 1247–48 (Ind.1997).

The felony murder count was based on the killing of Timothy D. Thomas while the defendant committed or attempted to commit robbery. The robbery count charged the defendant with robbing Darrick C. Lawson while armed with a deadly weapon, a firearm. The two confinement counts charged the defendant with confining Darrick C. Lawson and Shalia R. Rogers while armed with a deadly weapon.

The facts favorable to the judgment show that the defendant's co-perpetrator, Thomas, grabbed Lawson and that the defendant held a gun to Lawson's stomach. Thomas then told Lawson to lie on the floor and asked the defendant for the tape in the defendant's possession. The defendant and Thomas then taped Lawson's ankles together and his hands behind his back. They instructed Lawson to lie on the floor on his stomach. Both the defendant and Thomas wore gloves. The defendant retrieved Rogers, Lawson's girlfriend, from the second level of the apartment. Rogers saw a small gun under the defendant's jacket when he came upstairs. The defendant brought her downstairs, where Lawson was lying on the floor. As Thomas was standing on Lawson's back, the defendant handed the gun to Thomas, and the defendant taped Rogers's eyes, mouth, and hands and instructed her to sit in a chair. Thomas demanded money and drugs from Lawson, who indicated that he did not have any. While Thomas watched the two victims, the defendant searched the apartment, discovered Lawson's gun, and carried it around with him. The defendant then took a spoon from a kitchen drawer and heated it, threatening to torture the two victims. The two assailants took the hot spoon over to Rogers, and Lawson, thinking that they were going to burn her with it, divulged that he had money hidden under a mattress upstairs. The defendant went upstairs, retrieved approximately $300.00, and returned to the main floor, stating that he found some money but that it was less than they had hoped to get. Thomas taped Lawson's mouth, turned up the volume on the television, and said that they had to kill Lawson. Thomas found a rope and decided to choke Lawson, rather than shoot him. Lawson initially refused to raise his head so that Thomas could wrap the rope around his neck, but then raised it when Thomas threatened to shoot him. Thomas wrapped the rope

twice around Lawson's neck and held an end in each hand. As Thomas pulled the rope tight around Lawson's neck, Lawson freed his hands and tried to get up from the floor. Thomas struck Lawson twice on the head with the butt of a gun, but Lawson continued to arise. As Lawson struggled with Thomas, the defendant, still carrying Lawson's gun, took Rogers to the stairs. As the struggle continued, Lawson noticed, on a nearby couch, the gun that Thomas and the defendant had brought to the apartment. Lawson, expecting to be killed, grabbed the gun and shot Thomas seven times, killing him. The defendant then fled.

The probative evidence supporting the felony murder, robbery, and confinement convictions is substantial. The evidence and reasonable inferences establish that the defendant and his co-perpetrator engaged in dangerously violent and threatening conduct and that their conduct created a situation that exposed persons present to the danger of death at the hands of a nonparticipant who might resist or respond to the conduct. The evidence and reasonable inferences also establish that Thomas's death was foreseeable and that the defendant's role in creating this dangerous situation, which included the use of at least two guns during the episode, was " 'an intermediary, secondary, or medium in effecting or bringing about the death.' " *See Palmer,* 704 N.E.2d at 126 (quoting *Sheckles,* 684 N.E.2d at 205). We find sufficient probative evidence from which a reasonable trier of fact could have found, beyond a reasonable doubt, that the defendant was the mediate or immediate cause of Thomas's death and that this killing occurred during the defendant's commission or attempted commission of robbery. We also find sufficient probative evidence from which a reasonable trier of fact could have found, beyond a reasonable doubt, that the defendant knowingly or intentionally used a firearm during the commission of the offenses.

## Double Jeopardy

The defendant argues, and the State concedes, that his conviction and sentence for robbery should be vacated because his convictions for both felony murder by robbery and robbery violate double jeopardy. We agree.

Because the statutory elements necessary to establish that the defendant robbed Darrick C. Lawson were necessary to establish felony murder by robbery, the defendant's conviction and sentence for both robbery and felony murder by robbery in this case violate both the federal and the state Double Jeopardy Clauses. *See Richardson v. State,* 717 N.E.2d 32, 50–52 (Ind.1999).

To remedy the double jeopardy violation, the defendant requests that we vacate the felony murder conviction. When we determine that two convictions contravene double jeopardy principles, we may eliminate the violation by vacating either conviction, and we consider the penal consequences that the trial court found appropriate. *Richardson,* 717 N.E.2d at 54. We, therefore, vacate the robbery conviction because it has less severe penal consequences, and we leave standing the felony murder conviction.

## Conclusion

We affirm the convictions for felony murder and criminal confinement. We vacate the conviction for robbery. This case is remanded to the trial court to issue a corrected sentencing order.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.