Michael LACEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49S00–0002–CR–111.

Supreme Court of Indiana.

Sept. 28, 2001.

Eric K. Koselke, Steven G. Poore, Indianapolis, IN, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

RUCKER, Justice.

In this direct appeal, Michael Lacey contends the evidence is not sufficient to sustain his conviction for felony murder and that his sixty-year sentence is manifestly unreasonable. We disagree with both contentions and therefore affirm.

### Facts

In the early morning hours of May 15, 1997, Wajibu Wynn along with his sister and two others were asleep in Wynn's apartment when two armed intruders wearing dark clothing and Halloween masks broke through the front door. R. at 269. Wynn's sister was asleep on a living room couch. One of the intruders sprayed her with mace, while the other intruder pointed a "machine gun" looking weapon to her head and began dragging her to the back of the apartment. R. at 204, 271–72, 282–83. Awakened by the noise, Wynn rushed to his bedroom door and saw a man wearing a Frankenstein mask dragging his sister at gunpoint down the hallway. Wynn retrieved his handgun, fired at the man, and fatally wounded him. R. at 203, 281–82. That intruder was later identified as Guy Simpson. The other intruder fled the apartment.

A K–9 officer was called to the scene. Shortly after arrival, the officer and his dog located Lacey in a wooded area approximately 200 feet from Wynn's apartment. R. at 314, 431. He was lying on the ground among a clump of bushes. R. at 314. Five feet away, the officer found a can of mace and a Halloween mask. R. at 389, 424–25.

Lacey was charged with felony murder, burglary, and confinement. The jury convicted him as charged. At sentencing, the trial court vacated the burglary and con-

finement convictions and sentenced Lacey to an enhanced term of sixty years for the felony murder conviction. This direct appeal followed.

### Discussion

### I.

■ Lacey first contends the evidence is insufficient to support his conviction. Pointing out that no one ever identified him as one of the assailants and no fingerprints linked him to the crime, Lacey argues the State failed to prove beyond a reasonable doubt that he was the second intruder who broke into Wynn's apartment.[1] The standard for reviewing sufficiency of the evidence claims is well settled. We do not reweigh the evidence or assess the credibility of witnesses. *Houston v. State*, 730 N.E.2d 1247, 1248 (Ind. 2000). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.* A verdict may be sustained based upon circumstantial evidence alone if that circumstantial evidence supports a reasonable inference of guilt. *Id.* In this case, Lacey's argument is essentially an invitation for this Court to reweigh the evidence. We decline. Evidence that he was found near Wynn's apartment in the early morning hours, apparently attempting to conceal himself among the vegetation, and in close proximity to items used by the intruders, was sufficient for the jury to conclude that Lacey was the second intruder who broke into Wynn's apartment.

### II.

■ The trial court sentenced Lacey to an enhanced term of sixty years. In so doing the court listed as aggravating factors Lacey's criminal history and that Lacey was on bond in two other cases when he committed the crime for which he was being sentenced. The trial court also found as aggravating factors Lacey's need of correctional or rehabilitative treatment that could best be provided by his commitment to a penal facility and that a suspended sentence would depreciate the seriousness of the crime. In this appeal, Lacey does not challenge the trial court's findings. The trial court noted Lacey's young age as a mitigating factor, *cf. Brown v. State*, 720 N.E.2d 1157, 1159 (Ind.1999) (noting a defendant's youth is a significant mitigating factor in some circumstances); however, the court concluded the aggravating factors outweighed the sole mitigating factor. Lacey does not contend there are additional mitigating factors that the trial court ignored. Rather, pointing out that he was not the triggerman and again focusing on his age, Lacey argues his sixty-year sentence is

---

1. We observe that Lacey does not argue that the felony murder statute is inapplicable to the facts presented in this appeal. Our felony murder statute provides: "A person who ... kills another human being while committing or attempting to commit arson, burglary, child molesting, consumer product tampering, criminal deviate conduct, kidnapping, rape, robbery, or carjacking ... commits murder, a felony." Ind.Code § 35–42–1–1(2). In *Palmer v. State*, 704 N.E.2d 124 (Ind.1999), this Court, in a three to two decision, held that the statutory language "kills another human being while committing" does not restrict the felony murder statute solely to instances in which the felon is the killer. *Id.* at 126. Rather, the felony murder statute may also apply equally when, in committing any of the designated felonies, the felon, although not the killer, contributes to the death of any person. *Id.* Where an accused reasonably should have foreseen that his felonious conduct would result in the "mediate or immediate cause" of the victim's death, the accused is held accountable. *Id.* In this appeal, Lacey has not argued that his participation in the burglary was not the mediate or immediate cause of Simpson's death.

manifestly unreasonable and asks that we reduce it to the presumptive term of fifty-five years.

This Court does have the constitutional authority to review and revise sentences. *See* Ind. Const. art. 7, § 4. However, we will not exercise that authority unless the sentence imposed is "manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B) (formerly App.R. 17(B)); *Evans v. State,* 725 N.E.2d 850, 851 (Ind.2000). The nature of the offense in this case is that Lacey engaged in an armed home invasion that involved taking a woman hostage in the house and dragging her to the back of the house with a gun pointed at her head. Lacey's cohort was shot and killed by the owner of the house as a result. As for Lacey's character, even though only nineteen at the time the instant crime was committed, Lacey has a criminal history that consists of true findings as a juvenile of: aggravated battery that would have been a Class B felony if committed by an adult (shooting a neighbor over a dispute about a car); two separate instances of carrying a handgun without a license; and resisting law enforcement. Also, when he committed the instant offense, Lacey was on bond in two other cases. We decline to modify Lacey's sentence because he has not convinced us that it is manifestly unreasonable.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.