Joe **BREWER**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 49A04–1004–CR–257.

Court of Appeals of Indiana.

Dec. 15, 2010.

Timothy J. Burns, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Joby D. Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Joe Brewer appeals his conviction for sale of alcoholic beverages without a permit as a class B misdemeanor.[1] Brewer raises one issue, which we revise and restate as whether the evidence is sufficient to sustain his conviction. We affirm.

The facts most favorable to the conviction follow. On December 21, 2008, Indiana State Excise Police Officer Patrick Cousin walked into the 38th Street Men Club (the "Club"), located at 1502 Martin Luther King Jr. Street in Indianapolis. At the Club, in which there was music playing, "you walk in the door there's a counter for food and beverages sold ..." including "alcoholic beverages, food, chicken, fish...." Transcript at 8–9. There were also signs present that listed the prices for alcoholic beverages and "rosters of the club members or club officers." *Id.* at 9. Upon entering, Officer Cousin, who was not a member of the Club, approached Brewer, ordered a cranberry juice and vodka drink, and paid six dollars for the drink which he received. Brewer was the president of the Club. The Indiana Alcohol and Tobacco Commission's records "do not show 1502 Dr. Martin Luther King Drive, Marion County, as a location for a valid alcoholic beverage permit to sell and/or possess for commercial purposes alcoholic beverages...." Exhibit 6.

On August 24, 2009, the State charged Brewer with: Count I, maintaining place

---

1. Ind.Code § 7.1–5–10–5 (2005).

for unlawful sale of alcoholic beverages as a class D felony; Count II, sale of alcoholic beverages without a permit as a class B misdemeanor on December 21, 2008; Count III, sale of alcoholic beverages without a permit as a class B misdemeanor on May 22, 2009; and Count IV, sale of alcoholic beverages without a permit as a class B misdemeanor on August 21, 2009. On April 5, 2010, a bench trial was held and evidence was presented consistent with the foregoing facts. After the State rested, the court granted Brewer's motion for judgment on the evidence regarding Counts III and IV. The court found Brewer not guilty of Count I and guilty of Count II, and it sentenced Brewer to 180 days suspended with no probation, adding the condition that "there should be no sale of alcohol by [Brewer] to [ ] anyone, being an undercover officer ... or a member of the public from any location." Transcript at 81.

■ The issue is whether the evidence is sufficient to maintain Brewer's conviction for sale of alcoholic beverages without a permit as a class B misdemeanor. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind.2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind.2000)). It is not necessary

that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

■ The offense of sale of alcoholic beverages without a permit is governed by Ind.Code § 7.1–5–10–5, which provides in part:

It is unlawful for a person, except as otherwise permitted [2] by this title, to purchase, receive, manufacture, import, or transport, or cause to be imported or transported from another state, territory, or country, into this state, or transport, ship, barter, give away, exchange, furnish, or otherwise handle, or dispose of an alcoholic beverage, or to possess an alcoholic beverage for purpose of sale.... [3]

Ind.Code § 7.1–5–1–8 establishes that one who violates Ind.Code § 7.1-5-10-5 commits a class B misdemeanor.

Brewer argues that "[i]n essence, the case is about a single incident that took place long ago at the time of trial," and that "[a]lthough the officer says he had notes, those notes were not produced at trial." Appellant's Brief at 6. Brewer argues that "a review of the testimony just does not have the ring of credibility about it." *Id.* Brewer merely requests that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *Drane*, 867 N.E.2d at 146.

Here, the State presented evidence that on December 21, 2008, Officer Cousin entered the Club and was served, for the price of six dollars, a cranberry juice and

---

**2.** A "permit" is defined as "a written authorization issued by the commission entitling its holder to manufacture, rectify, distribute, transport, sell, or otherwise deal in alcoholic beverages, all as provided in this title." Ind. Code § 7.1–1–3–29.

**3.** The statute is entitled "Sale Without Permit Prohibited" and, while clearly intended to prohibit the purchase and sale of alcohol without a permit, is at best inartfully drafted.

vodka drink. Officer Cousin identified Brewer as the person who served him the drink. Brewer was the president of the Club, and had duties including approving Club business, possessing keys for the premises, and paying the gas bill. The Club had a pricing list for alcoholic beverages posted which the State introduced and the court admitted into evidence. The State also introduced, and the court admitted without objection, an affidavit from the custodian of business records for the Indiana Alcohol and Tobacco Commission which indicated that the Club did not have a permit to furnish and/or possess alcoholic beverages for commercial purposes. We therefore conclude that the evidence is sufficient to sustain Brewer's conviction for sale of alcoholic beverages without a permit as a class B misdemeanor.

For the foregoing reasons, we affirm Brewer's conviction for sale of alcoholic beverages without a permit as a class B misdemeanor.

Affirmed.

RILEY and ROBB, JJ., concur.