KIRSCH, Judge,
dissenting.
In Palmer v. State, 704 N.E.2d 124 (1999), our Supreme Court was presented with the question whether a kidnapper in the commission of a kidnapping commits felony murder under the Indiana murder statute when a law enforcement officer kills the accomplice of the person committing the kidnapping. It held that under the circumstances then before the court, the kidnapper committed felony murder. Id. at 125.
A year later in Jenkins v. State, 726 N.E.2d 268, 271 (Ind.2000), the Court upheld a felony murder conviction arising from a robbery where the “defendant and his co-perpetrator engaged in dangerously violent and threatening conduct and that their conduct created a situation that exposed persons present to the danger of death.”
In both Palmer and Jenkins, the defendants were (1) armed and (2) engaged in dangerously violent and threatening conduct when they committed the underlying felony. In Palmer, the defendant pointed a loaded and cocked handgun at the head of a police officer and fired it, injuring the officer. In Jenkins, the armed defendant and his co-perpetrator tied up the two victims and were in the process of murdering one of them when one of the victims got loose, picked up a gun and shot and killed the co-perpetrator.
In both Palmer and Jenkins, the Court concluded that the defendants’ conduct clearly raised the foreseeable possibility that the intended victim might resist or that law enforcement would respond and thereby created a risk of death to persons present and that the defendant’s felonious conduct was the mediate or immediate cause of the co-perpetrator’s death.
Here, by contrast, sixteen-year old Blake Layman and seventeen-year old Levi Sparks were (1) unarmed and (2) attempting to commit a non-violent burglary of what they believed was an unoccupied residence. The defendants here were attempting to commit a non-violent crime when the unforeseeable tragedy giving rise to this case unfolded.
Because the circumstances here are very different from those before the Court in Palmer and Jenkins, I respectfully dissent from my colleagues’ conclusion that Indiana Code section 35-42-1-1, the felony *971 murder statute, was properly applied in this case.