## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 15 2016, 9:16 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amos Thompson,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

February 15, 2016

Court of Appeals Case No.
49A05-1507-CR-891

Appeal from the Marion Superior Court

The Honorable Marc T. Rothenberg, Judge

Trial Court Cause No.
49G02-1502-F3-6001

**Brown, Judge.**

[1] Amos Thompson appeals his conviction for robbery as a level 3 felony. Thompson raises one issue, which we revise and restate as whether the evidence is sufficient to sustain his conviction. We affirm.

*Facts and Procedural History*

[2] On February 18, 2015, Thompson went inside a Marsh Supermarket store in Indianapolis and placed twenty or thirty retail items from the health and beauty section of the store inside his pants. While placing the items in his pants, Thompson was confronted by store manager Michael Bratton. Thompson looked at Bratton, continued placing items in his pants, and walked toward Bratton, while Bratton stood in front of him to prevent him from leaving the store. When he was approximately four to six feet from Bratton, Thompson pulled a knife from one of his pockets.[1] When Bratton saw the knife, he threw up his hands, took a step back, and let Thompson pass. Thompson then ran and exited the store, and Bratton called the police. Thompson threw some of the items from his pants onto the sidewalk as he was running. Police later took Thompson into custody, and Bratton identified him as the person he had confronted in the store.

[3] On February 19, 2015, the State charged Thompson with robbery as a level 3 felony and intimidation as a level 6 felony, and the State later alleged he was an habitual offender. On June 10, 2015, the court held a bench trial at which

---

[1] Bratton testified that the knife was a carpet knife, that it had a thick handle, that the blade was a triangle, and that the blade could slide up and down. Thompson referred to the knife as a box cutter.

Bratton presented testimony consistent with the foregoing, including that Thompson "pulled [the knife] out to let me know he had a weapon on him." Transcript at 10. When asked if he had concerns he could be injured, Bratton stated "Yeah but I think it was just --." *Id.* at 12. Thompson testified that he went to the store to shoplift, that he had placed duct tape on his sweat pants to stop items from falling out at the bottom, and that he wore other pants over the sweatpants to cover them up. He also testified that the sole reason he pulled the knife out of his pants was because he had been caught, and he wanted to cut the duct tape or the leg of his pants "[b]ecause [he] wanted to give something back cause [he] had too much stuff." *Id.* at 55. He stated that he never threatened Bratton, and that, when he pulled the knife out, he heard Bratton say "he's got a weapon," and "that's when I took off running before I could even cut pants back in the store." *Id.* at 56.

[4] The court found Thompson guilty of robbery as a level 3 felony and found him to be an habitual offender, and the charge of intimidation was dismissed. The court later sentenced Thompson to eighteen years with twelve years executed in the Department of Correction followed by six years in community corrections.

## *Discussion*

[5] The issue is whether the evidence is sufficient to sustain Thompson's conviction for robbery as a level 3 felony. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence.

*Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

Ind. Code § 35-42-5-1 governs the offense of robbery as a level 3 felony and provides that "[a] person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear; commits robbery . . . ." "[T]he offense is a Level 3 felony if it is committed while armed with a deadly weapon . . . ." Ind. Code § 35-42-5-1. The State charged that Thompson

> did knowingly take property, to-wit: retail merchandise, from another person or the presence of another person, to-wit: Michael Bratton, by using force or by threatening the use of force on Michael Bratton or by putting Michael Bratton in fear, to-wit: by brandishing and displaying a knife at Michael Bratton; said act being committed while the defendant was armed with a deadly weapon, to-wit: a knife.

Appellant's Appendix at 17.

Thompson concedes that he intended to shoplift. However, he argues that, when he was confronted by Bratton, he pulled out his box cutter knife to cut

through the tape to release the stolen merchandise and not to threaten Bratton with force. He also argues Bratton was not fearful. He requests that his conviction for robbery be reduced to theft.

[8] The State maintains that the evidence is sufficient to sustain Thompson's robbery conviction, that Thompson brandished a deadly weapon in the course of committing a theft, that in doing so Thompson placed Bratton in fear of personal injury, and that Thompson's claims are invitations to reweigh the evidence. It also argues that Thompson brandishing the knife convinced Bratton to back away from his attempt to prevent Thompson from leaving and that, had Thompson not shown Bratton the knife, Bratton would have attempted to stop him.

[9] Thompson does not dispute that he knowingly took the retail merchandise while armed with a deadly weapon. The evidence presented at trial shows that he entered the store armed with a knife and placed merchandise in his pants, that he pulled a knife from his pocket as he approached Bratton and was about four to six feet away from him, that Bratton was standing in front of him to prevent him from leaving the store, that upon observing the knife Bratton threw up his hands and backed away, and Thompson then ran out of the store. Bratton indicated he was concerned he could be injured. A video recording admitted into evidence is not inconsistent with Bratton's testimony. The trier of fact could reasonably find that Thompson took the merchandise by using or threatening the use of force on Bratton or by placing Bratton in fear by displaying a knife. The court heard the testimony of Bratton and Thompson,

and Thompson's argument on appeal is an invitation to reweigh the evidence or reassess the credibility of the witnesses, which we will not do. *See Drane*, 867 N.E.2d at 146.

Based upon the record, we conclude that the State presented evidence of a probative nature from which a reasonable trier of fact could find beyond a reasonable doubt that Thompson committed the crime of robbery as a level 3 felony.

## *Conclusion*

For the foregoing reasons, we affirm Thompson's conviction for robbery as a level 3 felony.

Affirmed.

Kirsch, J., and Mathias, J., concur.