## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 14 2017, 10:30 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Tommy J. Rubalcada
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Tommy J. Rubalcada,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

February 14, 2017

Court of Appeals Case No.
82A01-1605-PC-1180

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely,
Judge

Trial Court Cause No.
82C01-1205-PC-12

**Baker, Judge.**

[1] Tommy Rubalcada appeals the denial of his petition for post-conviction relief, arguing that he received the ineffective assistance of trial counsel. Finding no error, we affirm.

[2] Rubalcada and two accomplices, Vincent Moreno and Roy Nunez, formed a plot to rob Brian Jamison in a fake drug deal. The three accomplices told Jamison that they would give him fifty pounds of marijuana in exchange for $25,000. At the transaction, Rubalcada and Moreno entered Jamison's vehicle, saying that they needed to count the money. Instead, Rubalcada shot Jamison in the head, and Rubalcada and Moreno ran away with the cash.

[3] Rubalcada was found guilty of conspiracy to commit robbery, robbery, and felony murder, and the trial court sentenced him to consecutive terms of fifteen years and sixty years for the conspiracy count and the murder count, respectively. Our Supreme Court affirmed his convictions on direct appeal. *Rubalcada v. State*, 731 N.E.2d 1015 (Ind. 2000).

[4] On May 7, 2012, Rubalcada filed a petition for post-conviction relief, arguing that he received the ineffective assistance of counsel. Appellant's App. Vol. II p. 17-23. He claimed that his public defender should have used Nunez as a witness and that counsel would not allow him to testify in his own defense. After Rubalcada supplemented his petition with an affidavit and the State filed its response, the post-conviction court denied the petition on February 24, 2016. Rubalcada now appeals.

[5] A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "A reasonable probability arises when there is a 'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012). However, "[i]f we can easily dismiss an ineffective assistance claim based upon the prejudice prong, we may do so without addressing whether counsel's performance was deficient." *Baer v. State*, 942 N.E.2d 80, 91 (Ind. 2011). "Indeed, most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone." *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002).

[6] Even if we were to accept Rubalcada's allegations regarding his attorney as true, Rubalcada has failed to establish that he suffered any prejudice. Although he never clearly specifies what testimony either he or Nunez would have provided, he argued at his sentencing hearing that, while he was involved in the robbery, it was Moreno who pulled the trigger. He repeats in his appellate brief that Nunez "would have testified that Rubalcada was not the shooter."

Appellant's Br. p. 4. Even if Nunez and Rubalcada had testified in exactly this way, and the jury found them both perfectly credible, Rubalcada would have been found guilty of committing precisely the same offenses for which he was convicted. *See* Ind. Code § 35-42-1-1(2) (1999) (person is guilty of murder if he "kills another human being while committing . . . robbery"); *Layman v. State*, 42 N.E.3d 972, 977 (Ind. 2015) (explaining that "felony murder statute may also apply equally when, in committing any of the designated felonies, the felon, although not the killer, reasonably should have foreseen that his felonious conduct would result in the 'mediate or immediate cause' of the victim's death") (quoting *Palmer v. State*, 704 N.E.2d 124, 126 (Ind. 1999)). Rubalcada cannot show that he suffered any prejudice because his sought-after testimony confirms his guilt.

[7] Rubalcada also argues, for the first time on appeal, that his trial counsel should have objected to a statement allegedly made by the prosecutor during the sentencing phase of the trial. It is well established that "[i]ssues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal." *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001). Accordingly, this final argument is waived.[1]

---

[1] We also note that Rubalcada has not presented any evidence regarding what the prosecutor said.

The judgment of the post-conviction court is affirmed.

Mathias, J., and Pyle, J., concur.