**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jun 20 2014, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANN M. SUTTON**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GERMAN ESPICHAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1310-CR-515 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clayton A. Graham, Judge
Cause No. 49G17-1308-CM-56197

**June 20, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

After a bench trial, German Espichan ("Espichan") was convicted of Battery, as a Class B misdemeanor.[1] He now appeals, raising for our review a single question, which we reframe as whether there was sufficient evidence to sustain his conviction.

We affirm.

## Facts and Procedural History

In the early morning hours of August 25, 2013, Espichan and his long-time girlfriend, Yanire Aguilar ("Aguilar"), had been at a nightclub in downtown Indianapolis. At some point, Aguilar yelled and ran across a street, with Espichan chasing her. Espichan struck her once on the face, and Aguilar fell to the ground. Espichan then struck Aguilar two more times.

Having observed these events, a security guard at a nearby business, Richard Talley ("Talley"), ran across the street and separated Espichan and Aguilar. Espichan became hostile toward Talley, and Talley called the police. Indianapolis Metropolitan Police Department Officer William Payne ("Officer Payne") spoke with all three individuals. Officer Payne observed no injuries on Aguilar. Ultimately, Officer Payne arrested Espichan.

On August 25, 2013, the State charged Espichan with Battery, as a Class B misdemeanor.

---

[1] Ind. Code § 35-42-2-1(a).

On October 1, 2013, a bench trial was conducted. At its conclusion, the trial court found Espichan guilty of Battery, as charged, and sentenced him to 180 days imprisonment, with all but four days suspended to probation.

This appeal ensued.

**Discussion and Decision**

On appeal, Espichan raises a single issue for our review, whether there was sufficient evidence to sustain his conviction. Our standard of review in such cases is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Id. (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

Espichan was charged with Battery, as a B misdemeanor. To convict him of the offense as charged, the State was required to prove beyond a reasonable doubt that Espichan knowingly touched Aguilar in a rude, insolent, or angry manner. See I.C. § 35-42-2-1(a); App'x at 14.

The evidence that favors the verdict indicates that Talley observed Aguilar running across the street after hearing someone yelling. Talley testified that he saw Espichan running after her and strike her once. Talley also testified that he saw Espichan strike Aguilar twice

3

more with a closed fist after Aguilar fell to the ground. Talley testified that after he moved to intervene, Espichan became angry with him, as a result of which Talley called police. While Talley testified that he thought he saw bruises on Aguilar's face, Officer Payne testified that he did not see any injuries; nevertheless, he arrested Espichan.

In his appeal, Espichan contends that there was insufficient evidence of his having struck Aguilar because at trial, neither Espichan's nor Aguilar's testimonies established any facts indicative of Espichan having struck Aguilar. Only Talley, whom Espichan contends was a "rookie bouncer" who "may have thought he was rescuing a damsel in distress," provided testimony that indicates Espichan battered Aguilar on the night of August 25, 2013. (Appellant's Br. at 5.) Espichan's brief goes on to question Talley's perception of events as being inconsistent with the physical evidence, and notes that Aguilar had no apparent injuries. Yet the statute under which Espichan was charged does not require any injuries for the State to obtain a conviction.

Simply put, Espichan asks that we reweigh evidence, even as he denies making any such request. There was sufficient evidence to sustain the conviction.

Affirmed.

KIRSCH, J., and MAY, J., concur.

4