**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID WICKIZER,                          )
                                         )
    Appellant-Defendant,                 )
                                         )
        vs.                          )    No. 49A05-1310-CR-518
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.                  )

APPEAL FROM THE MARION COUNTY SUPERIOR COURT
The Honorable Amy Jones, Judge
Cause No. 49F08-1208-CM-56240

**July 2, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

David Wickizer appeals his conviction for the offense of battery as a class A misdemeanor. Wickizer raises one issue which we revise and restate as whether the State presented sufficient evidence to sustain Wickizer's conviction for battery on a law enforcement officer as a class A misdemeanor. We affirm.

FACTS AND PROCEDURAL HISTORY

The facts most favorable to the conviction follow. Marsha Konrad volunteered for a homeless organization called Meet Me Under the Bridge. Through her volunteering, she met Wickizer, and helped him lease an apartment. On August 14, 2012, Wickizer called Konrad and asked for help. Konrad and her brother, Chris Albrecht, went to Wickizer's apartment and found him lying face down on the floor. Konrad and Albrecht noticed an empty pill bottle and an empty whiskey bottle near Wickizer. Konrad called 911. While waiting for the ambulance to arrive, Konrad and Albrecht carried Wickizer outside and set him down in a downward sloped grassy area in front of the apartment building. Officer Adam Chappell of the Indianapolis Metro Police Department ("IMPD"), Wayne Township EMTs, and paramedics were dispatched "to a suicidal person" who "swallowed two bottles of Oxycodone." Transcript at 6, 15.

When Officer Chappell arrived on the scene, he observed Wickizer lying in the grass in front of his apartment, appearing to be extremely intoxicated, with slurred speech and a strong odor of alcohol on his person. Wickizer was "rolling around" and was "extremely agitated." Id. at 8. Officer Chappell attempted multiple times to turn Wickizer towards him so that he could speak with him, but Wickizer would continually become angry and roll back

2

over to avoid Officer Chappell and the other personnel. Wickizer "just kept yelling and continued to roll away from [Officer Chappell, the paramedics and the EMTs] and after about the third time [Officer Chappell] rolled [Wickizer] back over to try to talk to him, [Wickizer] kicked at the EMT's [sic]." Id. at 9. Wickizer's eyes were open the majority of the time Officer Chappell dealt with him. The fourth time Officer Chappell turned Wickizer, he rolled up against Officer Chappell's legs and wrapped both of his arms around his left leg, just above Officer Chappell's back-up weapon, which was in a holster on his left ankle. Officer Chappell tried to pull his leg away because he feared what might happen if Wickizer was able to pull his ankle holster loose. As Officer Chappell felt the ankle holster slip from his ankle, he struck Wickizer "to get him to disengage from [his] weapon." Id. at 10. Wickizer had a small laceration above his right eyebrow that began to bleed. Wickizer released Officer Chappell's leg, but continued to yell and scream as he was loaded into the ambulance. After a few minutes, Wickizer apologized to Officer Chappell and began yelling at a paramedic.

On August 16, 2012, the State charged Wickizer with battery on a law enforcement officer as a class A misdemeanor. On October 2, 2013, the case proceeded to a bench trial. Officer Chappell testified to the foregoing facts. After the State rested, Wickizer moved for an involuntary dismissal. After some discussion, the court stated:

> I think that the testimony that's been presented here today, not so much with regard to just rolling into the officer but in regards to [Wickizer] latching onto his leg and refusing to let go to the point where the officer did deliver one strike to Mr. Wickizer's face to get him to disengage from his leg that that was a rude, insolent or angry touching. With regard to the totality of the

3

circumstances that have also been presented so the Motion for 41B will be denied.

Id. at 23. Konrad testified that she told the officers at the scene that Wickizer took pills and tried to kill himself. Konrad also testified that she never saw Wickizer grab Officer Chappell's leg. She stated that after Wickizer was struck, he said: "What the F's going on here?" Id. at 32. She also testified that Wickizer did not know where he was or what was going on but that he knew who she was. On cross-examination, she testified that there was an officer between her and Wickizer. The court found Wickizer guilty as charged and on the same day sentenced him to 365 days incarceration with 357 days suspended to probation.

## DISCUSSION

The sole issue is whether the State presented sufficient evidence to sustain Wickizer's conviction for battery on a law enforcement officer as a class A misdemeanor. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. Id. We consider conflicting evidence most favorably to the trial court's ruling. Id. We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. Id. at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id.

4

The offense of battery on a law enforcement officer is governed by Ind. Code § 35-42-2-1(a)(1)(B), which provides in relevant part that "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, . . . a Class A misdemeanor if . . . it is committed against a law enforcement officer . . . ." "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b) (2004). The charging information filed by the State alleged in part that Wickizer "did knowingly touch [Officer Chappell] . . . ." Appellant's Appendix at 16. Thus, to convict Wickizer of battery on a law enforcement officer as a class A misdemeanor, the State needed to prove that Wickizer knowingly touched Officer Chappell in a rude, insolent, or angry manner.

Voluntary intoxication may not be used as a defense to dispute the existence of a mental state that is also an element of a crime. See Ind. Code § 35-41-2-5 ("Intoxication is not a defense in a prosecution for an offense and may not be taken into consideration in determining the existence of a mental state that is an element of the offense unless the defendant meets the requirements of IC § 35-41-3-5."). Ind. Code § 35-41-2-5 "redefines the requirement of mens rea to include voluntary intoxication, in addition to the traditional mental states, i.e., intentionally, knowingly, and recklessly." Sanchez v. State, 749 N.E.2d 509, 520 (Ind. 2001). "[E]vidence of voluntary intoxication does not negate the mens rea requirement . . . ." Id. "Rather, it satisfies this element of the crime." Id.

Involuntary intoxication is a defense to the crime charged if, as a result of the intoxication, the defendant was unable to appreciate the wrongfulness of the conduct at the

5

time of the offense. Ellis v. State, 736 N.E.2d 731, 734 (Ind. 2000). An involuntary intoxication defense disputes the existence of intent. Id. Ind. Code § 35-41-3-5 provides that "[i]t is a defense that the person who engaged in the prohibited conduct did so while he was intoxicated, only if the intoxication resulted from the introduction of a substance into his body: (1) without his consent; or (2) when he did not know that the substance might cause intoxication." The defendant has the burden of proving the defense. Melendez v. State, 511 N.E.2d 454, 457-458 (Ind. 1987).

Wickizer argues that he was suffering from a possible overdose and did not knowingly touch Officer Chappell in a rude, insolent or angry manner. He contends that he was "incoherent [and] flailing about in order to gain some balance on a sloped yard." Appellant's Amended Brief at 6. He argues that the touching of Officer Chappell's leg could be interpreted as an attempt at stabilization or a way of indicating "Help me!" Id.

The State maintains that Wickizer acted knowingly when he grabbed Officer Chappell's leg and that he did so in a rude, insolent, or angry manner. It notes that Wickizer was rolling around in the grass and appeared agitated when Officer Chappell arrived and that despite Officer Chappell's attempts to turn Wickizer in Officer Chappell's direction, he continually resisted and turned uphill to avoid speaking with Officer Chappell and also attempted to kick the EMTs. The State further argues that Wickizer grabbed Officer Chappell's left leg and refused to release it and that, after he was handcuffed and placed in the back of an ambulance, he apologized to Officer Chappell and then began yelling at the paramedics that were treating him.

6

The facts most favorable to the conviction reveal that Wickizer was intoxicated and had taken pills. This voluntary intoxication satisfies the mens rea requirement. Further, Wickizer called Konrad before the police arrived, he became angry when the police arrived, continued to roll away from Officer Chappell, had his eyes open the majority of the time Officer Chappell dealt with him, and would not release Officer Chappell's leg. Based upon the record, we conclude that Wickizer's actions were performed knowingly. To the extent that Wickizer argues that the touching was not in a rude, insolent, or angry manner, we observe that Wickizer was extremely agitated, became angry, was yelling, and wrapped both his arms around Officer Chappell's leg and did not let go until struck by Officer Chappell. Based upon the record, we conclude that the State presented evidence of a probative nature from which a reasonable trier of fact could have found that Wickizer was guilty of battery on a law enforcement officer as a class A misdemeanor.

## CONCLUSION

For the foregoing reasons, we affirm Wickizer's conviction for battery on a law enforcement officer as a class A misdemeanor.

Affirmed.

VAIDIK, C.J., and NAJAM, J., concur.