**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 21 2014, 9:55 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN WATSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1312-CR-1025 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt Eisgruber, Judge
Cause No. 49G01-1211-MR-79322

**August 21, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

John Watson appeals his conviction for murder.[1]  Watson argues that the evidence presented is insufficient to prove that he acted knowingly or intentionally.

Watson hit Adams multiple times in the head with a metal tool and kicked Adams while he lay on the ground.  Because we find that a reasonable jury could have found that Watson was aware of a high degree of probability that these actions could result in death, we affirm the judgment of the trial court.

FACTS

On November 17, 2012, Watson met with Heather Johnson and the victim, Deshaun Adams, at a motel in Indianapolis.  While there, the three began using various drugs.  Later, Adams asked Johnson if she would give him a ride back to his home, to which Johnson agreed.  As Adams and Johnson were leaving, Watson emerged from his motel room claiming that his belongings were missing. An argument ensued.

Watson and Adams then began to tussle.  At some point, Watson picked up a metal tool which Johnson, who witnessed the fight, described as a mallet.  Watson struck Adams at least two times in the head, causing Adams to fall to the ground.  Once Adams was on the ground, Watson, who was wearing steel toe boots, began to kick Adams. Watson then told Johnson to leave, at which point Johnson left and returned to her home without calling the police.  The next morning, Adams's body was found and the police determined that he was dead.

---

[1] Ind. Code § 35-42-1-1.

On November 27, 2012, the State charged Watson with murder, and on December 27, 2012, the State charged Watson as a habitual offender. Following a jury trial that took place on October 28 and 29, 2013, the jury found Watson guilty of murder. Watson waived his right to a jury trial on the habitual offender charge and the trial court found him to be a habitual offender. The trial court sentenced Watson and he now appeals.

DISCUSSION AND DECISION

Watson argues that he should not have been convicted of murder because there was insufficient evidence to show that he acted knowingly or intentionally. When reviewing a sufficiency of the evidence claim, this court does not judge the credibility of the witnesses or reweigh the evidence. Instead, we consider "only the probative evidence and reasonable inferences supporting the verdict." Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007) (emphasis in original). We will affirm the trial court's verdict unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000).

"A person who knowingly or intentionally kills another human being… commits murder, a felony." Ind. Code § 35-42-1-1(1). The State must prove that Watson's actions caused Adams's death and that Watson acted either knowingly or intentionally. Watson argues that he did not act knowingly or intentionally because he did not intend to cause Adams's death and he was unaware that his actions were likely to do so. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). Therefore, when one is aware

3

of a high probability that his actions might kill, he kills knowingly.  Griffin v. State, 963 N.E.2d 685, 692 (Ind. Ct. App. 2012).

Here, Watson struck Adams at least two times in the head with a metal tool, which was described as a mallet.  Once Adams lay on the ground, Watson kicked him while wearing steel toe boots.  A reasonable person would certainly be aware that striking a person in the head multiple times with a metal tool could result in death.  Kicking that same person several times with steel toe boots could make death more probable.

Based on these facts, a reasonable jury could find that Watson was aware of a high probability that his actions would result in Adams's death and that Watson acted knowingly beyond a reasonable doubt.  Watson's arguments to the contrary amount to a request that we reweigh the evidence, which our standard of review does not permit.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.