## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 21 2015, 8:10 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Jill M. Acklin<br>McGrath, LLC<br>Carmel, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Brian Reitz<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mary Stephens,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 21, 2015<br><br>Court of Appeals Case No.<br>29A04-1409-CR-453<br><br>Appeal from the Hamilton Superior Court<br><br>The Honorable J. Richard Campbell, Judge<br><br>Cause No. 29D04-1310-FD-8683 |

**Najam, Judge.**

# Statement of the Case

[1] Mary Stephens appeals her conviction for theft, as a Class D felony, following a bench trial. Stephens raises one issue on appeal, namely, whether the State presented sufficient evidence to support her conviction. We affirm.

# Facts and Procedural History

[2] On October 19, 2013, Stephens was working as a member of a probation work crew clearing brush and trees from a Hamilton County park. Probation Officers C.J. Miller and Breanne Lewis were supervising the work crew. At the end of the day, Officer Lewis and a probationer took the final load of cleared brush to an off-site "burn pile," and Officer Miller waited with the other nine probationers in the work group, including Stephens, who sat in and around a fifteen-passenger community corrections van.

[3] After a probationer informed him that Stephens had taken items from Officer Lewis' purse, Officer Miller approached the van and saw Stephens putting things into the purse, which Officer Lewis had left beneath the front seat of the van. Stephens attempted to zip the purse shut and shove it under the seat in front of her and, when confronted, told Officer Miller that the purse had fallen down and that some items had fallen out of it.

[4] When Officer Lewis returned, Officer Miller described what had happened and suggested that they search Stephens. Officer Lewis looked around Stephens in the van to see if she had anything of hers, and Officer Lewis asked Stephens to

take off a sweatshirt that she was wearing. Officer Lewis then took Stephens to a women's restroom at the park to search Stephens. Stephens brought the sweatshirt with her. In the restroom, Stephens dropped the sweatshirt on the floor. When Stephens bent to pick it up, Officer Lewis noticed a clutch belonging to Officer Lewis on the ground beneath the sweatshirt. Officer Lewis then searched Stephens and found a bottle of prescription medication, which also belonged to Officer Lewis and had been in the clutch.

[5] Stephens apologized and asked the officers not to call police, but they called Cicero Police Department Officer Kyle Comer to the scene. When Officer Comer asked Stephens why she had Officer Lewis' prescription bottle, Stephens said that she had noticed that it had fallen out of Officer Lewis' purse and she had attempted to put the bottle back in the purse. Stephens explained that she panicked when confronted by Officer Miller and hid the bottle instead of returning it to the purse.

[6] The State initially charged Stephens with possession of a controlled substance and theft, both as Class D felonies. However, the State dropped the possession charge and amended the theft charge to read: "On or about October 19, 2013, Mary Kathryn Stephens did knowingly exert unauthorized control over the property of Breanne Lewis, to-wit, [a] purse, with the intent to deprive said person of any part of the use or value of the property." Appellant's App. at 27.

[7] Following a bench trial, the trial court found Stephens guilty as charged and sentenced her to 730 days, with ninety days executed in the Hamilton County

Jail, 275 days executed on home monitoring, and 365 days suspended. This appeal ensued.

## Discussion and Decision

[8] Stephens contends that the State presented insufficient evidence to support her conviction. Our supreme court has held that when there is substantial evidence of probative value to support a conviction, it will not be set aside. *Jones v. State,* 783 N.E.2d 1132, 1139 (Ind. 2003). When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction. *See Dallaly v. State,* 916 N.E.2d 945, 950 (Ind. Ct. App. 2009). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* Rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Id.*

[9] To prove theft, as a Class D felony, the State was required to show that Stephens knowingly exerted unauthorized control over Probation Officer Lewis' purse with the intent to deprive Officer Lewis of any part of the use or value thereof. Stephens' sole contention on appeal is that the State's presentation of evidence misled the trial court regarding whether she was

charged with having stolen a purse or a clutch, or smaller purse, contained within a larger purse.[1] In particular, Stephens maintains that the State charged her with theft of a purse, not items kept in the purse. And, she asserts, because there was no evidence that she stole a purse, her conviction cannot stand.

[10] In support of her contention, Stephens directs us to the following colloquy during cross-examination of Officer Comer:

> Defense Counsel: Do you know, [sic] personal knowledge, whether anything was stolen out of the clutch?
>
> Deputy Prosecuting Attorney: Objection. Relevance. The charging information and the charge here is that she took the purse[,] not items from inside the purse. It specifically says the purse.
>
> Defense Counsel: I think it says property, Judge, on the amended information.
>
> Deputy Prosecutor: It says, to wit, purse[,] not items inside.
>
> The Court: So the State is just charging theft of the purse?
>
> Deputy Prosecutor: That's right.
>
> The Court: Sustain the objection.

Tr. at 30.

[11] But Officer Comer then explained that one of the items Stephens had stolen from inside the bigger purse was a clutch. And Officer Comer described a

---

[1] We note that Stephens makes no contention that her conviction cannot stand because of a fatal variance between the charging information and the proof at trial. *See, e.g.*, *Mitchem v. State*, 685 N.E.2d 671 (Ind. 1997).

clutch as "a smaller purse or wallet that you would put inside your purse." *Id.* at 33.

[12] A clutch is a purse. The evidence shows that Stephens stole Officer Lewis' clutch. The State charged Stephens with theft of a purse. At Stephens' bench trial the trial court, as trier of fact, found her guilty beyond a reasonable doubt, and we are confident that the court was not confused.

[13] Thus, the State presented evidence that Stephens stole a purse from Officer Lewis, and the evidence clearly supports the conviction. Stephens' contentions on appeal amount to a request that we reweigh evidence previously evaluated by the trial court, which we will not do. The State presented sufficient evidence to support Stephens' theft conviction.

Affirmed.

Mathias, J., and Bradford, J., concur.