## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 11 2018, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Stephen Keith Bolin, Jr.,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

May 11, 2018

Court of Appeals Case No.
79A05-1710-CR-2442

Appeal from the Tippecanoe
Superior Court

The Honorable Sean M. Persin,
Judge

Trial Court Cause No.
79D05-1701-F6-38

**Brown, Judge.**

[1] Stephen Keith Bolin, Jr.,[1] appeals his conviction for obstruction of justice as a level 6 felony. Bolin raises one issue which we revise and restate as whether the evidence is sufficient to sustain his conviction. We affirm.

### *Facts and Procedural History*

[2] Tippecanoe County Sheriff's Lieutenant Travis Dowell investigated James Tran, and the investigation led to charges against Tran of molesting his three foster children. In September 2016, Tran was in the Tippecanoe County Jail while the case against him was pending.

[3] On September 4, 2016, Bolin was released from the Tippecanoe County Jail. In September 2016, Lieutenant Dowell received emails regarding the Tran case. At 10:49 p.m. on September 11, 2016, an email from "Samual Smith" from email address samualsmith645@gmail.com was sent to jconline.com@gmail.com, wlfi.com@gmail.com, Lieutenant Dowell, and Brett Gibson, which stated:

> I am a respectable person in the Church and would lose that position if I physically came forward and stated what I heard[.]
>
> I overheard a conversation between Lindsey Bishop and [S.T.] that the plan to falsely accuse [S.T.'s] father of Sexual acts was

---

[1] The caption page of Appellant's Brief lists Bolin's name as "STEPHEN KEITH BOLIN JR." Appellant's Brief at 1. At the August 16, 2017 hearing, Bolin stated that he was "actually . . . not a junior" and that the "State was the one that turned around and flagged me a junior but I – I – it's ever on any my records that (inaudible)." Transcript Volume 1 at 4. Dawn Gross, an investigator for the Tippecanoe County Prosecutor's Office, testified that Bolin's father's name was Stephen K. Bolin and when asked if Bolin was "sometimes also referred to as Stephen K. Bolin Jr.," she answered affirmatively. *Id.* at 78.

working perfectly. They was laughing about how they got our Church Counselor Susan Moody and [S.T.'s] 2 sister's [sic] to go along with the false accusations. I also overheard them state that Detective Rowell knew that [S.T.] was still a Virgin. I had to ask myself as a person of GOD How can I sit here and let an Innocent man go to prison for something he did do, As someone in my position, I can't physically come forward because of my oath to the church, but I can let the Press know.

State's Exhibit 1.

[4] At 12:52 a.m. on September 12, 2016, "Samual Smith" sent an email message to Lieutenant Dowell and Gibson which stated:

> I am a respectable person in the church and would lose that position if I Physically came forward and stated what I heard. I overheard a conversation between Lindsey Bishop and [S.T.] that the plan to falsely accuse [S.T.'s] father of Sexual acts was working perfectly. They was laughing about how they got our Church Counselor Susan Moody and [S.T.'s] 2 sister's [sic] to go along with the false accusations. I also overheard them state that Detective Rowell knew that [S.T.] was still a Virgin. I had to ask myself as a person of GOD, how can I sit here and let an Innocent man go to Prison for something he didn't do, as someone in my position, I can't physically come forward because of my oath to the church, but I can let you know of the situation.

State's Exhibit 2.

[5] At 1:08 a.m. that same day, an email from "[S]tephen [B]olin" from the email address singlefather_of_one@yahoo.com was sent to Lieutenant Dowell which stated:

I am letting you know that today I am filling [sic] a letter with the Courts concerning Mr. Tran. I am not going to allow you or the Prosecutors [sic] office to Convict an Innocent Man. I also wanted to let you know that there is a Good Possibility that Mr. Tran will have a New Attorney by the end of this week who won't be bullied by the Prosecutors [sic] Office. Good Luck.

Sincerely

Stephen K. Bolin

State's Exhibit 3. An attachment to the email contained a letter dated September 12, 2016, from "Stephen K. Bolin 'Defendants [sic] Legal Advisor,'" addressed to Judge Thomas Busch, regarding Tran's case. State's Exhibit 3a. The letter states:

Dear Honorable judge [sic] Busch

My name is Stephen K. Bolin, I was the Defendant's roommate from June 25th, 2016 till September 4th, 2016. During that time we discussed his Legal Case in Gear [sic] Detail, he has always stated that he never did what the 3 supposed victims stated he did. On August 12th, 2016 the Defendant received the State's Discovery from his Attorney. During the whole time I was his roommate the Defendant's Attorney never responded to any letter's [sic] or phone calls from his Client. After receiving the State's Discovery we went over the State's Case in Great Detail, we discovered that victims #1 and #2 description of the Defendant's "Penis" is totally incorrect, as his Legal Advisor I had to see for myself. Description: length: Short, Color: almost brown, Pubic Hair: shaved, Birthmark Location: #1 Black birthmark on tip of Penis, #2 Black birthmark on top left side of shaft. If victims #1 and #2 had done the things they claim, they

would have described the Birthmarks. I was also informed that victims #2 and #3 denied having anything done to them by the Defendant on June 5th, 2016, and then between June 5th, 2016 and June 12th, 2016 they talked and was [sic] coerced by victim #1 to change their stories, [L.T.] is the witness that they talked. [sic] This can also be proven through victims #1 and #2 statements to the police, the only way that they could have came up with the same situation[']s and yet they are both not telling the truth is if one of them told the other what to say. The reason this is being presented to you is because the Defendant feels his Attorney own,t taking [sic] his case seriously, and the Defendant is also afraid that once the State see,s [sic] our evidence, they will tamper with their own evidence to frame my Client. I ask that this Court take this seriously and take the appropriate action.

State's Exhibit 3a. The document was signed by Stephen K. Bolin.

[6]     Lieutenant Dowell initiated an investigation of the assertions in the email messages and sent the messages to Dawn Gross, an investigator for the Tippecanoe County Prosecutor's Office. Investigator Gross initiated an investigation based upon the allegations in the emails. She contacted Susan Moody, a counselor, a Sunday School teacher, and the person to whom the first victim disclosed the allegations in the Tran case. Investigator Gross was unable to find any Samual Smith affiliated with the church in Russiaville where Moody and Lindsey Bishop attended church and where S.T. had previously attended, determined that the victims had not met a person named Samual Smith, and found that S.T. was not attending the church in Russiaville "at this particular time when Samual Smith supposedly heard this conversation." Transcript at 75.

[7] On the morning of September 12, 2016, Bolin showed up at the Tippecanoe County Prosecutor's Office without an appointment. Bolin told Investigator Gross that he was Tran's "Bunkie for 75 days" and that the victims never stated anything about the birthmarks on Tran's penis. State's Exhibit 4a at 1. He acknowledged sending emails to Gibson and Lieutenant Dowell concerning James Tran. He denied sending an email stating he was Samuel Smith. He indicated that his email address was singlefather_of_1@yahoo.com. He also indicated that he accessed the internet from Purdue and Ivy Tech and that he did not access the internet on his phone.

[8] At some point, Investigator Gross discovered some phone calls between Tran in the Tippecanoe County Jail and phone number 765-476-3214. In December 2016, she talked to John Whitus who had been Bolin's roommate at a hotel in Lafayette, Indiana, between September 7th and 13th, 2016, but she did not find any phone calls between Tran and Whitus or any other link between Tran and Whitus. Investigator Gross also re-interviewed the victims, Lindsey Bishop, other church members, Moody, and Pastor Bishop. When she "re-interviewed or approached the two ladies from the church" and the victims, they were upset. Transcript at 98.

[9] Sean Leshney, the chief digital forensics investigator for the Tippecanoe County Prosecutor's Office, performed an investigation on the emails contained in State's Exhibits 1, 2, 3, and 3a forwarded by Lieutenant Dowell and received records from Yahoo and Google. Investigator Leshney determined that the email address of samualsmith645@gmail.com was created on September 11,

2016. He discovered that the email account was verified through phone number 765-476-3214, that the phone number was associated with two different email addresses, samualsmith645@gmail.com and stephenbolin645@gmail.com. He also discovered that the recovery phone number for the email address of singlefather_of_one@yahoo.com was 765-476-3214. He determined that both the singlefather_of_one@yahoo.com and samualsmith645@gmail.com addresses were using the same IP address on September 11th and 12th and that that IP address for the date range of September 1st to October 1st 2016 was assigned to the Knights Inn in Lafayette. Investigator Leshney went to the Knights Inn and learned that Bolin had been staying at the Knights Inn from September 7th to September 14th. He also investigated an assertion that Bolin had sent an email from Ivy Tech, but he did not see any IP addresses connected with Ivy Tech.

[10] On January 9, 2017, the State charged Bolin with obstruction of justice as a level 6 felony and false informing as a class A misdemeanor. On February 15, 2017, the State also alleged that Bolin was an habitual offender.

[11] On August 22, 2017, the court held a bench trial. The State presented the testimony of Lieutenant Dowell, Investigator Gross, and Investigator Leshney, and the court found Bolin guilty as charged. Bolin waived a bench trial on the habitual phase and pled guilty to being an habitual offender. The court entered a judgment of conviction for obstruction of justice as a level 6 felony and did not enter a conviction on false informing as a class A misdemeanor. It sentenced Bolin for obstruction of justice as a level 6 felony to "a jail sentence

of 910 days enhanced by 1,460 days to run consecutive, 910 days suspended upon timely and satisfactory completion of all terms and conditions of probation." Appellant's Appendix Volume II at 22. The court also ordered that Bolin serve "1460 days executed in the Indiana Department of Corrections with credit for good time." *Id.*

### *Discussion*

[12] The issue is whether the evidence is sufficient to sustain Bolin's conviction for obstruction of justice as a level 6 felony. When reviewing claims of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007), *reh'g denied*. We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

[13] Bolin argues the State failed to prove beyond a reasonable doubt that the allegations contained in the e-mails sent from samualsmith645@gmail.com were false. He argues that there was no time frame referenced in State's Exhibits 1 and 2 as to when the purported conversation between S.T. and Lindsey Bishop occurred. He argues that the State contended at trial that he authored the emails and asserts that there was no evidence that he was not a member of the church in Russiaville nor that he would not have had the opportunity to overhear a conversation between S.T. and Bishop. He also

argues that Gross never testified that either Bishop or S.T. expressly denied the purported conversation.

[14] The State argues that the emails admitted as State's Exhibits 1 and 2 constituted false records, documents, or things. It asserts that the only reasonable inference from the evidence is that Bolin sent State's Exhibits 1 and 2 under the false identity of Samual Smith because "Smith's" account of actually hearing S.T. and L.T. discuss a plan to frame Tran was false. Appellee's Brief at 13.

[15] The offense of obstruction of justice is governed by Ind. Code § 35-44.1-2-2 which provided at the time of the offense that "[a] person who . . . makes, presents, or uses a false record, document, or thing with intent that the record, document, or thing, material to the point in question, appear in evidence in an official proceeding or investigation to mislead a public servant . . . commits obstruction of justice, a Level 6 felony."[2] The State alleged that Bolin "did knowingly or intentionally make, present or use a false record/document, to-wit: emails asserting false information about the criminal case State [v.] James Tran, which purported to be material to a point in question, and the defendant did so with the intent that said emails appear in evidence in an official proceeding or investigation to mislead State of Indiana, a public servant." Appellant's Appendix Volume II at 82.

---

[2] Subsequently amended by Pub. L. No. 252-2017, § 15 (eff. July 1, 2017).

[16]     The record reveals that emails were sent to Lieutenant Dowell regarding the Tran case on September 11, 2016, from "Samual Smith" alleging that he was a respectable person in the Church, and that he overheard a conversation between Lindsey Bishop and S.T. regarding a plan to falsely accuse Tran of sexual acts. State's Exhibit 1.  The next day, "Samual Smith" sent another email to Lieutenant Dowell making similar allegations.  State's Exhibit 2.  That same day, an email from "[S]tephen [B]olin" from the email address singlefather_of_one@yahoo.com was sent to Lieutenant Dowell which stated in part that he was not going to allow him or the prosecutors to convict an innocent man.  State's Exhibit 3.  An attachment to the email contained a letter dated September 12, 2016, from "Stephen K. Bolin 'Defendants [sic] Legal Advisor,'" addressed to Judge Busch, regarding Tran's case.  State's Exhibit 3a. Investigator Gross was unable to find any Samual Smith affiliated with the church in Russiaville where Moody and Lindsey Bishop attended church and where S.T. had previously attended church, determined that the victims had not met a person named Samual Smith, and found that S.T. was not attending the church in Russiaville "at this particular time when Samual Smith supposedly heard this conversation."  Transcript at 75.  Investigator Gross also re-interviewed the victims with respect to the allegations, Lindsey Bishop, other church members, Moody, and Pastor Bishop.  When she "re-interviewed or approached the two ladies from the church" and the victims, they were upset. *Id.* at 98.  Bolin told Investigator Gross that he was Tran's "Bunkie for 75 days," that the victims never stated anything about the birthmarks on Tran's

penis, that he sent emails to Lieutenant Dowell, and that his email address was singlefather_of_1@yahoo.com.  State's Exhibit 4a at 1.

[17] When asked if there was any distinction between State's Exhibits 1, 2, 3 and 3a, Investigator Gross answered: "The improper grammar, there's several letters or words in here that are capitalized.  Several words in here that are capitalized.  Just the connection between this being written on the same day as this email." Transcript at 73.  The trial court was able to compare the emails sent by "Samual Smith" and the emails and letter sent by Bolin.

[18] At some point, Investigator Gross discovered some phone calls between Tran in the Tippecanoe County Jail and phone number 765-476-3214.  Investigator Leshney determined that phone number verified the email account of samualsmith645@gmail.com, was associated with the email address of stephenbolin645@gmail.com, and was also the recovery phone number for the email address of singlefather_of_one@yahoo.com.  He also determined that both email addresses of singlefather_of_one@yahoo.com and samualsmith645@gmail.com addresses were using the same IP address on September 11th and 12th and that the IP address for the date range of September 1st to October 1st 2016 was assigned to the Knights Inn in Lafayette where Bolin had been staying from September 7th to the 14th.

[19] Based upon the record, we conclude that the State presented evidence of a probative nature from which a reasonable trier of fact could have determined

beyond a reasonable doubt that Bolin committed obstruction of justice as a level 6 felony.

## *Conclusion*

[20] For the foregoing reasons, we affirm Bolin's conviction for obstruction of justice as a level 6 felony.

[21] Affirmed.

Bailey, J., and Crone, J., concur.